## AFFIDAVIT OF SPECIAL AGENT MARIAH KINI

I, Special Agent Mariah Kini, depose and state as follows:

1.  I am presently a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), and have been employed as such since May of 2023. I am currently assigned to work with other federal, state, and local law enforcement agencies with efforts focusing on federal firearms violations. Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms laws.

2.  I submit this affidavit in support of an application for a criminal complaint and arrest warrant for Tiago BETTENCOURT and Kaik CORREA-SILVA. Based on the investigation, there is probable cause to believe that BETTENCOURT and CORREA-SILVA violated federal law by committing: (1) armed assault of a federal officer in violation of 18 U.S.C § 111(b); and (2) by possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C § 924(c). These charges arise out of the armed assault and robbery of a confidential informant ("CI") working for, and under the direction of, the ATF.

3.  The information contained in this affidavit is based on my own investigation, reports from other law enforcement officers, communications with other law enforcement officers, physical surveillance, and audio/video recordings. The dates and times in this affidavit are approximate. Because this affidavit is submitted for the limited purpose of supporting the issuance of arrest warrants for BETTENCOURT and CORREA-SILVA, I have not presented every fact learned during the investigation, but only the information necessary to fully support probable cause for an arrest warrant.

5. On March 28, 2024, at the direction of ATF agents, the CI arranged to purchase two pistols from an individual under investigation by the ATF. The CI arranged to purchase two pistols for $2,500. The CI agreed to meet at 47 Elm Street, in Lowell, MA, on March 29, 2024, to do the firearms deal.

6. On March 29, 2024, prior to the deal, the CI met with ATF agents and other law enforcement officers in preparation for the operation. The CI was provided with an undercover vehicle ("UC vehicle") with multiple recording devices which recorded both audio and visual. The UC vehicle's devices further allowed ATF agents/officers to monitor the vehicle in real time. The CI was also equipped with a recording device and transmitter. The CI was provided with $2,500 in United States currency to purchase the two firearms; the serial numbers of the bills were documented.

7. The CI then traveled to the agreed-upon location for the deal which was a parking lot at 47 Elm Street in Lowell. ATF agents and other officers surveilled the CI to the location and monitored the CI through the above-referenced devices. Agents/officers set-up surveillance near the parking lot. The CI was in contact with an individual known to him/her as "Kevin" (later identified as Kaik CORREA-SILVA) as the CI was traveling to the agreed-upon meet location for the firearms transaction. The CI parked the UC vehicle in a parking lot to the rear of 47 Elm Street. Two males approached the UC vehicle and entered the vehicle. Per the CI, the CI recognized the male who entered the front passenger seat as "Kevin" (subsequently identified as CORREA-SILVA). The CI did not recognize the second male, later identified as BETTENCOURT, who sat in the rear passenger seat. The CI greeted both males and began inquiring about the firearms. CORREA-SILVA handed a red backpack to the CI, stating that the firearms were inside of the backpack. As the CI looked in the backpack, CORREA-SILVA

pulled a firearm and stuck the firearm into the stomach of the CI while demanding the money. BETTENCOURT pulled a firearm and pointed the firearm at the CI's side from the rear passenger seat of the UC vehicle. Both BETTENCOURT and CORREA-SILVA demanded money and CORREA-SILVA began searching the CI's person. Both BETTENCOURT and CORREA-SILVA had their firearms directly pointed at the CI until CORREA-SILVA retrieved approximately $2,200 in cash from the CI. Due to the monitoring devices, ATF agents and officers responded to the armed robbery taking place.

8. CORREA-SILVA and BETTENCOURT fled the vehicle on foot to the rear of 52 Auburn Street in Lowell. Responding ATF agents and officers thereafter caught and arrested CORREA-SILVA and BETTENCOURT. As BETTENCOURT was being detained, agents/officers observed him discard a firearm between a shed and a fence. The firearm was recovered and was subsequently identified as a Glock, Model 29, 10 mm pistol, bearing serial number BXMV125. The Glock firearm was equipped with a suspected machinegun conversion device – this type of device would allow the pistol to be fired fully automatic. The pistol had an extended magazine with a thirty-three-round capacity, and the magazine was loaded with seventeen (17) rounds of 10mm ammunition.

9. Agents/officers observed BETTENCOURT throw two cellular phones to the pavement and stomp on the cellular phones before law enforcement personnel were able to stop him. CORREA-SILVA also discarded a Polymer80 (i.e. – a privately made firearm), Model PF45, .45 caliber pistol, bearing no serial number, with one round of .45 caliber ammunition in the chamber, and nine rounds of .45 caliber ammunition in the magazine, onto the pavement. A subsequent search of CORREA-SILVA resulted in the recovery of a third cellular phone and $2,200 in cash. The serial numbers of the recovered bills matched the documented serial

numbers of the official government funds given to the CI by agents for the deal – consistent with the money being stolen from the CI.

10. I have reviewed the audio and video footage from the UC vehicle. The video and audio footage clearly shows CORREA-SILVA and BETTENCOURT pointing firearms at the CI and threatening the CI during the armed robbery. This footage is consistent with the CI's statements to agents/officers that the CI was assaulted by both CORREA-SILVA and BETTENCOURT, who were armed with firearms.

## CONCLUSION

11. There is probable cause to believe that Tiago BETTENCOURT and Kaik CORREA-SILVA violated federal law by committing (1) an armed assault of a federal officer in violation of 18 U.S.C § 111(b), and (2) by possessing of a firearm in furtherance of a crime of violence in violation of 18 U.S.C § 924(c).

*Mariah Kini /by Paul G. Levenson*
Mariah Kini
Special Agent, ATF

ATTESTED and SWORN to before me telephonically in accordance with the requirements of Fed. R. Crim. P. 4.1 this 1st day of May, 2024.

HONORABLE PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE